## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **FRANK A. CRISTAUDO** | : | |
| 3215 S.E. 57TH AVENUE | : | |
| PORTLAND, OREGON 97206 | : | |
| Plaintiff, | : | CASE NO. 2004 CV 08782 (PKC) |
| | : | |
| v. | : | |
| | : | |
| **BUSINESS PAYMENT SYSTEMS LLC** | : | VERIFIED SECOND AMENDED |
| 150 BROADWAY | : | COMPLAINT |
| THIRD FLOOR | : | WITH JURY TRIAL DEMAND |
| NEW YORK, NEW YORK 10038 | : | |
| | : | |
| and | : | |
| | : | |
| **SAMUEL CHANIN** | : | |
| 81 NASSAU STREET, APT. 5C | : | |
| NEW YORK, NEW YORK 10038 | | |
| | : | |
| and | : | |
| | : | |
| **STEPHANIE LEE** | : | |
| 106 CENTRAL PARK SOUTH, APT. 11J | : | |
| NEW YORK, NEW YORK 10019 | : | |
| | : | |
| and | : | |
| | : | |
| **YITZCHOK BLAU A/K/A IZZY BLAU** | : | |
| 3041 WADDELL AVENUE | : | |
| WEST PALM BEACH, FLORIDA | : | |
| 33411 | : | |
| Defendants. | : | |

## <u>COMPLAINT</u>

Plaintiff, FRANK ALFRED CRISTAUDO, a resident of the State of Oregon

("Cristaudo" or "Plaintiff") by and through his attorneys, the Law Offices of Jerry S. Goldman &

Associates, P.C., Jerry S. Goldman, Esquire and Gina M. Mac Neill, Esquire, of counsel, does hereby allege the following, as forth in this Second Amended Complaint:

## A.      PARTIES.

1.      Plaintiff, Frank Cristaudo, d/b/a PC Bully, is an adult individual with a residence address of 3215 S.E. 57th Avenue, Portland, Oregon 97206.

2.      Defendant, Business Payment Systems LLC ("BPS" or "Company") is a limited liability company organized pursuant to the laws of the State of New York with its principal place of business located at 150 Broadway, Third Floor, New York, New York 10038.

3.      Defendant, Samuel Chanin ("Chanin") is an adult individual who resides at 81 Nassau Street, Apt. 5C, New York, New York 10038.  At all times material hereto, Defendant Chanin was the President and Chief Executive Officer of BPS.

4.      Defendant, Stephanie Lee ("Lee") is an adult individual who resides at 106 Central Park South, Apt. 11J, New York, New York 10019.  At all times material hereto, Defendant Lee was the Vice President of BPS.

5.      Defendant, Yitzchok Blau a/k/a Izzy Blau ("Blau") is an adult individual who resides at 3041 Waddell Avenue, West Palm Beach, Florida 33411.  At all times material hereto, Defendant Blau was a member and the Chief Technical Officer of BPS.

2

6.      At all times material to the matters asserted in this complaint, Chanin, Lee and Blau were employed by, and, on information and belief, were officers and/or managers and/or members of the Defendant, BPS.

7.      At all relevant times, the Defendant, BPS acted by and through its employees, officers, managers, members, directors and agents, all acting within the scope of their employment and authority.

## B.      **JURISDICTION AND VENUE.**

8.      Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 7 of this Complaint, as though the same were fully and completely set forth herein.

9.      Jurisdiction is founded upon 28 U.S.C. Section 1338, as this court has original jurisdiction over any action relating to copyrights.

10.      Jurisdiction of this court is further founded on 28 U.S.C. Section 1332 and on 28 U.S.C. Section 2201 relating to the eleventh cause of action, because there is complete diversity of citizenship between the Plaintiff and the Defendants BPC, Chanin Blau and Lee, in that:

a.   The Plaintiff is a individual and a resident of the State of Oregon;

b.   The Defendant BPS is a New York limited liability company, with its principal place of business located within the City and County of New York, and is owned by Defendant Chanin, Defendant Blau, Isaac Capland, Steve

3

Law Offices of Jerry S. Goldman & Associates, P.C.

Feldshuh, and  Rickee Blesofsky, all of whom being residents of the State of New York;

   c.   The Defendant Chanin is an individual and is a resident of the State of New York;

   d.   The Defendant Blau is an individual and is, on information and belief, a resident of the State of  Florida;

   e.   The Defendant Lee is an individual and is, on information and belief, a resident of the State of New York; and;

   f.   The amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand ($75,000.00) Dollars.

11.    This court also has supplemental jurisdiction over the claims contained herein wherein the amount in controversy is under Seventy-Five Thousand ($75,000.00) Dollars pursuant to 28 U.S.C. Section 1367(a).

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391, as three (3) of the Defendants reside in this District and a substantial portion of the events which gave rise to the claims in this complaint occurred in this District.

4

**Law Offices of Jerry S. Goldman & Associates, P.C.**

C.    **COMMON FACTUAL ALLEGATIONS RELEVANT TO ALL OF THE COUNTS OF THE COMPLAINT.**

13.    Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 12 of this Complaint, as though the same were fully and completely set forth herein.

14.    The acts complained of herein took place approximately during the period of June, 2002 to March, 2004, and, in significant part, in the Southern District of New York.

15.    Plaintiff, at all material times, was and is an independent contractor who provides computer consulting services to those in need of such services.  Plaintiff is a graduate of United States Military Academy at West Point and holds an engineering degree.

16.    Defendant BPS is in the business of providing credit card processing services to its customers.  BPS acts as an Independent Sales Office for a business entity referred to as the credit card "Processor," providing sales activities for the Processor.  BPS, in turn, employs and manages its own sales agents, who are either employees or independent contractors (collectively "Sales Agents").  The Sales Agents seek business relationships with merchants who desire to permit payment by their own customers by credit or debit card ("Merchant") utilizing the facilities and services of the Processor.  BPS, through its Sales Agents, acts as the middleman between the Merchants and the "Processor."  BPS, on information and belief, has approximately 1800 Sales Agents, 300 offices and provides services to approximately 15,000 customers who pay by credit and debit cards.

```
Law Offices of Jerry S. Goldman &
            Associates, P.C.
```

17.     In order to operate such a business, BPS needs a Management Information System ("MIS") to process, execute, and manage various data and business activities of its Sales Agents, other employees, clients, the Processor, and other parties, including, without limitation: establishing new merchant accounts; monitoring the status of its relationships with the merchant accounts;  establishing new relationships with Sales Agents; monitoring the work of and relationships with the Sales Agents; determining profitability of various activities and individuals;  allocating commissions received from the Processor, leasing companies and other third parties,  between itself and the various Sales Agents; providing customer support and service functions; creation of various management reports; and track the sales and leases of equipment.

18.     On information and belief, initially BPS initially utilized a combination of Excel spreadsheets, an Access database and various manual systems to provide its MIS.

19.     In approximately June of 2002, BPS requested that Plaintiff provide computer consulting services to BPS.  At this time, BPS was experiencing a database management crisis, in its MIS, as BPS was using outdated and/or inadequate and/or improperly programmed software and was performing many functions manually for its MIS.  Plaintiff agreed to assist BPS, with the understanding that a) Plaintiff would submit his invoices for services rendered to BPS for the projects on which Plaintiff worked and b) Plaintiff would retain sole ownership rights to any intellectual property he designed ("Software") and that Plaintiff would assert copyright status to the Software and submit a copyright application to officially register the copyright with the Register of Copyrights.

6

Law Offices of Jerry S. Goldman &
Associates, P.C.

20.     The first project for which BPS sought Plaintiff's services was to develop software to enable BPS to provide the credit card processing services.   Specifically, BPS requested that Plaintiff design highly sophisticated software that would be what is referred to as a "front end" and "back end" system, and achieve a variety of functions to assist BPS, including but not limited to, the maintenance of information about customers, the provision of daily status reports, a customer service screen, a calendar for customer service, the determination of commissions for the sales agents of BPS, the reconciliation of account balance information about customers, and a tracking system for the Sales Agents.

21.     The initial core of the Software which ran this new MIS (which was referred to, from time to time, as "Bee Base" and internally by Plaintiff as Merchant Services Front & Back Office), was designed by Plaintiff to address problems of stability, updating, search capacity, and usability.   It had the following components, among others:   a customized Graphic User Interface (GUI) built primarily utilizing Notepad with a few instances of Dreamweaver; customized JavaScript and PHP (Primary Language) (which stands for Pretext Hyper-Processor) scripts to enable the database to communicate with the GUI; and an underlying database built on a MYSQL platform, using, at first, the specifications contained within the old Access database. Additionally, HTML, Flash, PHPMYADMIN, and Webstyle were also used to develop this core of the MIS, as well as thereafter.

22.     Once this core Software was created, Plaintiff managed the task of transferring the data from the old database to the new database and having the system up and running.

7

**Law Offices of Jerry S. Goldman & Associates, P.C.**

23.     After the core of the MIS was created and working, various add-on components were added to the MIS over the time in which Plaintiff provided services to BPS.

24.     These add-on components, developed by the Plaintiff as part of the MIS included, but were not limited to:

      a.   The Customer Service Screen;

      b.   Having the data supplied by the Processor automatically entered into the MIS rather than the manually inputted system previously in existence;

      c.   Providing for the MIS automatically calculate and allocate the residuals and other commissions due to the various Sales Agents;

      d.   Various types of management information reports for both internal use and controls and for the Sales Agents;

      e.   The office log in area;

      f.   A sub-system to add in new Sales Agents;

      g.   A sub-system to track the sales and leases of equipment;

      h.   A system to monitor the 'installation' of a new merchant account; and,

      i.   World Wide Web accessibility.

Law Offices of Jerry S. Goldman &
Associates, P.C.

25.     Over time, Plaintiff made various changes and modifications to the fields, queries, tables and reports contained within the MIS.

26.     Over time, Plaintiff made other modifications to the MIS and provided other services, including, without limitation, to the following:

    a.   Providing for the ability to make real time data updates;

    b.   Providing for the ability to make software updates 'on the fly' without 'down' time;

    c.   Updates, from time to time, of the Graphic User Interface;

    d.   Updating and revamping the MIS, from time to time, to deal with upgrades and updates of the underlying software, such as Dreamweaver and MySQL; and,

    e.   Adding in additional security features and controls.

27.     Plaintiff also provided hardware consulting service and support, such as building and maintaining the servers.

28.     Plaintiff also provided 'help-desk' functions- providing technical support, training and assistance to the users of the system, as well as routine maintenance of the system, including its backup and data security features.

29.     Plaintiff also operated the system for the Defendant, BPS.

**Law Offices of Jerry S. Goldman & Associates, P.C.**

30.     Plaintiff also provided other software consulting services to the Defendants such as research on the use of Microsoft Terminal Server vs. Linux and then configuring same.

31.     The Software which ran the MIS ultimately consisted of over 200 tables, 6000 programmable files, and thousands of scripts.

32.     Prior to Plaintiff beginning his work on the software project, Defendants BPS, Chanin and Blau specifically represented that they would in fact compensate Plaintiff for such work upon the submission of invoices by Plaintiff.   Plaintiff justifiably relied upon this representation in beginning the software project.

33.     In addition, Plaintiff and BPS specifically agreed that Plaintiff would retain all ownership rights to the Software he was developing.   After all, Plaintiff was to write the Software, design the specifications and fields, and modify the Software as needed over time.   At no time did Defendants advise Plaintiff that they believed this was a "work for hire" project in which Defendant BPS would retain ownership of the Software.   In fact, the parties never executed any written agreement to that effect and the parties never so agreed.   Not surprisingly, and to the contrary, Defendants BPS, Chanin and Blau represented that they were in agreement with Plaintiff retaining all ownership rights to the Software, and Plaintiff, again, justifiably relied upon these representations.   In any event, as an independent contractor, Plaintiff retained such ownership rights to the Software and Defendants were aware that Plaintiff would assert copyright status to the Software and submit a copyright application to officially register the copyright with the Register of Copyrights.

10

Law Offices of Jerry S. Goldman &
Associates, P.C.

34.     As the work on the Software and (other projects) progressed, payment problems began to occur.   In fact, by March of 2003, Plaintiff had submitted invoices totaling approximately $80,000.00 to $90,000.00 in services provided, but had only received payment of approximately $30,000.00 from BPS.

35.     As a result of this untenable payment situation facing Plaintiff, Plaintiff and Defendants BPS, Chanin and Blau had further discussions about how to properly compensate Plaintiff for his work on the Software and other projects.   As a result of these discussions, Plaintiff agreed to receive a draw of $3,850.00 per month for his technical support, hardware, support and consulting, operating and maintenance services, plus a lifetime twenty five ($0.25) cents (the "Residuals") for each new customer BPS obtained each month by utilizing the Software created, owned and designed by Plaintiff, up to a maximum of approximately $19,000.00 per month ("Licensing Fee").   That is, the parties agreed that BPS was to pay, as a Licensing Fee, the sum of twenty five ($0.25) cents for each and every completed customer application entered into the MIS as a new record, on a cumulative basis.   For example, under this agreement, if at the start of month X there were 10,000 customer applications previously entered in the MIS, and 500 new customer applications were added into the MIS, he would receive $2,625.00 as a licensing fee (10,500 x $0.25); if in month Y, an additional 2,000 customers applications were entered into the system, the licensing fee would rise to $2,125.00 (12,500 x $0.25).   Plaintiff further agreed to split on a 50/50 percentage basis, with BPS, any proceeds that would result from the Plaintiff's Software being sold or licensed to any third party.   Finally, the

11

Law Offices of Jerry S. Goldman & Associates, P.C.

parties reiterated their agreement and understanding that any intellectual property developed by Plaintiff would be remain the property of the Plaintiff.  Additionally, Plaintiff was to continue to modify and develop the Software over time. Again, Defendants were aware that Plaintiff would assert copyright status to the Software and submit copyright applications to officially register the copyrights with the Register of Copyrights.

36.     In fact, it was understood by the parties that there would never be a definitive point in time at which Plaintiff finished the design of the Software for BPS.  Over time, Plaintiff was expected to modify and update the Software depending upon the needs of BPS, and developments in the market, thus, the design of the Software was an ongoing project.

37.     As BPS began to utilize the Software, BPS realized great success.  BPS was able to provide its credit card processing services in a more efficient manner and to a greater number of customers than before.  In fact, it is estimated by Plaintiff that the business of BPS (in the form of customers) quadrupled, and the number of sales agents used by BPS doubled, all because of the use by BPS of the software which Plaintiff designed and created.  Additionally, BPS now has grown to thirty (30) to forty (40) employees plus a substantial number of independent Sales Agents, from the prior number of five (5) to six (6) employees. Moreover, tasks that used to take BPS numerous days because they were done manually were shortened to only take hours now that the functions were automated.

38.     The MIS designed, developed and built by the Plaintiff performed all of its tasks.

39.     Plaintiff performed all of the tasks which he agreed to perform.

Law Offices of Jerry S. Goldman & Associates, P.C.

40.     Nevertheless, despite the exemplary work product made generously available for the use of BPS by Plaintiff, the Defendants decided to put into effect what had been their plan all along.  Defendants designed and implemented a conspiracy, acting in concert with each other, to inflict financial harm and emotional distress upon Plaintiff.  The primary goal of the conspiracy was for Defendants to misappropriate the Software to themselves, by copying and making use of the Software, and to refuse to compensate Plaintiff in accordance with the agreement reached in March of 2003.

41.     Thus, on or about February 6, 2004, in the Southern District of New York, BPS terminated its working relationship with Plaintiff and in direct contradiction to the agreement reached by the parties, misappropriated the Software by denying Plaintiff access to the software he owned.  Specifically, the Defendants locked Plaintiff out of the software database system. Incredibly, BPS continues to use the Software Plaintiff owns and continues to refuse to compensate Plaintiff in accordance with the agreement reached, despite the fact that the Software has greatly improved Defendant BPS' ability to conduct business and obtain new customers.

42.     Not content to stop there, as a way of further inflicting harm upon Plaintiff, BPS and the individual defendants engaged in other illegal conduct.  First, the Defendants decided not to pay Plaintiff his February draw.  Then, on February 13, 2004 at BPS and the individual Defendants maliciously and unlawfully evicted Plaintiff from the apartment Plaintiff was provided in New York City by BPS, after he had temporarily relocated at the request of BPS from Portland, Oregon to New York City, New York.  Rather than comply with New York law requiring a landlord to proceed in what is referred to as a summary proceeding to obtain a court

Law Offices of Jerry S. Goldman & Associates, P.C.

order of eviction, BPS locked Plaintiff out of the apartment without providing him with any notice it was doing so.   Plaintiff, without funds as a result of the Defendants withholding his earned draw, and in a City far from home, spent the night in an associate's apartment, and then later on an office floor.  Not surprisingly, Plaintiff suffered significant emotional distress and other damages from this unlawful eviction.

43.     Plaintiff subsequently returned to his home in the State of Oregon, at his own expense.

44.     As a result of the aforementioned illegal conduct by BPS and its officers, Plaintiff has suffered significant damages, including the loss of his monthly draw and residuals, the loss of the ability to exercise ownership control over the software and to market the software to third parties and emotional distress.  As a result of Defendants' actions, Plaintiff is now unable to sell or license the software to third parties, as he had originally planned to do.

45.     On or about September 13, 2004, Plaintiff submitted applications for registration with the Register of Copyrights to register the Software for copyright protection and to confirm the existence of the copyrighted materials.  Despite such registration application, Defendants continue to misappropriate the Software and deprive Plaintiff of his ownership rights thereto. This of course constitutes interference with the proper administration of the federal copyright laws, as Defendants have not submitted their own application thereby they have implicitly acknowledged Plaintiff's ownership rights to the Software; yet at the same time they continue to misappropriate the Software.

14

Law Offices of Jerry S. Goldman &
Associates, P.C.

46.     Since January, 2004, Plaintiff has not been paid his draw.

47.     Since February, 2004, the passwords to Plaintiff's MIS have been changed.

48.     On information and belief, Defendants have continued to use the Software.

49.     Plaintiff has not been paid any Residuals, the Licensing Fee, or any other form of compensation for the use of the MIS which utilizes the Software which he owns.

50.     On information and belief, Defendants and their agents, have attempted to reverse engineer the Software and/or have allowed other employees and/or third parties to view, inspect and/or examine the Software.

51.     On information and belief, Defendants and their agents, have attempted to and/or have in fact, modified the Software.

52.     On information and belief, Defendants and their agents have copied the Software.

53.     On information and belief, Defendants have provided copies and/or disclosed other information about the Software to third parties.

54.     On information and belief, Defendants have sold or licensed or offered to sell or license the Software to third parties.

55.     Defendant Blau was the immediate supervisor of the Plaintiff, serving as chief technical officer of Company.

**Law Offices of Jerry S. Goldman & Associates, P.C.**

56.     Prior to the winter of 2003-4, Plaintiff provided the services, by and large, to the Company (which was located at first in Westchester County and later in New York County, New York), from where he was living, in either Oregon or Hawaii.

57.     In approximately the winter of 2003, he was asked to travel to the East Coast and perform certain work in person at the offices of BPS in New York.

58.     Defendant Blau, on information and belief, felt threatened by Plaintiff, as he believed that Plaintiff has superior technical skills to himself, and this knowledge was imparted to other members of management and the other owners of the Company.

59.     Defendant Chanin, on information and belief, felt threatened by the Plaintiff, as he believed that Plaintiff had a personal and/or amorous relationship with an individual who will be referred to herein as JANE DOE, an employee or independent contractor/agent of the Company, with whom Defendant Chanin had a prior relationship and was desirous of continuing and/or developing a personal and/or amorous relationship with.

60.     Prior to February, 2004, Defendants BPS, Chanin, Lee and Blau ("Conspirators") conspired with each other and formed a deliberate design and purpose to injure Plaintiff and to cause him to lose his rights to the Software, and, in furtherance of such unlawful design and purpose, did the various wrongful and unlawful acts alleged below.

61.     As a result of the conspiracy, without any cause, warning or notice, Plaintiff was locked out of the MIS, his draw terminated and the conspirators refused to pay him for the use of the Software.

Law Offices of Jerry S. Goldman &
Associates, P.C.

62.     In the course and furtherance of the conspiracy, the Conspirators have infringed and continue to infringe Plaintiff's copyrights in the Software by reproducing or causing, contributing to, and participating in the unauthorized reproduction of the copyrighted software and by causing, contributing to, and participating in the distribution of the unauthorized reproductions of the copyrighted software to the public.

63.     Further, in furtherance of the conspiracy, the Conspirators have infringed and continue to infringe upon the Plaintiff's copyrights in the Software by reproducing or causing, contributing to, and participating in the unauthorized reproduction of the copyrighted Software and by causing, contributing to, and participating in the distribution of the unauthorized reproduction of the copyrighted Software, by running and otherwise utilizing such Software in BPS to operate its MIS and allowing access to same to its various Sales Agents and others, and by running reports on such system.

64.     Further, in pursuance of the conspiracy, on information and belief, the conspirators along with its agents and employees, from February 2004 to the present, without the consent of Plaintiff, have engaged in the creation of substantially similar software by copying various components of the Software designed by Plaintiff, for the use of themselves, and, on information and belief, various third parties.

65.     Further, in pursuance of the conspiracy, upon information and belief, from February 2004 to the present, Defendants BPS, Chanin, Lee and Blau, without the consent of Plaintiff, have infringed upon the copyright by making identical copies of the Software designed by Plaintiff and have already or intend to market, sell, and/or license such copies of the

17

**Law Offices of Jerry S. Goldman &<br>Associates, P.C.**

Plaintiff's Software to third parties and/or by marketing, selling, and/or licensing and/or attempting to market, sell and/or license software which was largely copied from the Software.

**D.      LEGAL CLAIMS:**

## AS AND FOR THE FIRST CAUSE OF ACTION

**COUNT I: Copyright Infringement (Against Defendants BPS, Chanin, Lee and Blau)**

66.      Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 65 of this Complaint, as though the same were fully and completely set forth herein.

67.      Plaintiff solely and independently conceived, created, originated and devised the Original Software described herein.

68.      The Software was the original creation of Plaintiff and constituted and constitutes copyrightable subject matter under the copyright law of the United States, 17 U.S.C. Section 101 *et seq*.

69.      Plaintiff registered his claim to copyright with the Register of Copyrights in Washington, D.C., effective on September 14, 2004.  Certificate of Copyright No. TX-6-0490-568 was issued to Plaintiff under seal of the Copyright Office by the Registrar of Copyrights.

70.      Plaintiff registered his claim to copyright a newer version of the software, known as Merchant Services Front and Back Office (V2004), with the Register of Copyrights, effective

```
Law Offices of Jerry S. Goldman &
              Associates, P.C.
```

September 16, 2004.  Certificate of Copyright No. TX-6-035-101 was issued to Plaintiff under seal of the Copyright Office by the Register of Copyrights.

71.     Between 2002 and 2004, Plaintiff complied in all respects with the Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the software.

72.     Since June 2002, Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in the Software.

73.     Since the dates of first publication, Plaintiff has duly complied with all the pertinent provisions of the Copyright Act and all other laws governing copyright with respect to the Software designed by the Plaintiff.

74.     The acts of Defendants BPS, Chanin, Lee and Blau constitute copyright infringement.

75.     Plaintiff has notified Defendant that Defendants have infringed the copyrights of Plaintiff, and Defendant has continued to infringe the copyright.

76.     By reason of the infringements and threatened infringements of the copyrights, Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damage to its ownership rights in the copyrights of the Software.

77.     Defendants have unlawfully and wrongfully derived and will continue to derive income and profits from these infringing acts.

19

**Law Offices of Jerry S. Goldman & Associates, P.C.**

78.     As a result of the Defendants' actions, the Plaintiff has been irreparably damaged, as described herein, unless the Defendants are enjoined.

## AS AND FOR THE SECOND CAUSE OF ACTION

## COUNT II: Breach of Contract (Against Defendant BPS Only)

79.     Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 78 of this Complaint, as though the same were fully and completely set forth herein.

80.     Plaintiff and BPS entered into a contract pursuant to which Plaintiff was to design software for BPS, retain ownership of such Software, and provide certain services and receive compensation with a monthly draw of $3,850.00, plus twenty five ($0.25) cents for each new customer obtained by BPS each month, determined on a cumulative basis.

81.     BPS has breached the agreement by misappropriating and using the Software for its own use, copying the Software, by attempting to license and sell the Software, and refusing to provide Plaintiff with the monthly draw and residuals.

82.     As a result of the breach of contract by BPS, Plaintiff has suffered substantial economic damages, including, without limitation, the following:

a.   the loss of his monthly draw of $3,850.00;

20

Law Offices of Jerry S. Goldman & Associates, P.C.

    b.  the loss of his residuals of twenty five ($0.25) cents per new customer per month, determined on a cumulative basis, estimated to be, upon information and belief, thousands of new customers at this point; and,

    c.  lost economic opportunities to market, sell, license or otherwise distribute the Software to third parties, thereby creating substantial revenues for Plaintiff which Defendants have precluded him from receiving.

83.    Upon information and belief, Plaintiff believes that the Defendant, BPS, has realized profits (50% of which rightly belongs to Plaintiff), of their own, by selling and/or licensing the Software to third parties.

84.    The Plaintiff has demanded that the Defendant, BPS, fulfill its obligations under the contract, but the Defendant has failed and refused and continues to fail and refuse to do so.

85.    As a result of such conduct by the Defendant, BPS, the Plaintiff has been irreparably damaged, as described herein, unless the Defendant is are enjoined.

86.    By reason of the Defendants' breach of contract, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

Law Offices of Jerry S. Goldman &
Associates, P.C.

X:\Clients\Cristaudo\BPS\Pleadings\2ndAmendedComplaint_Final.doc

## AS AND FOR THE THIRD CAUSE OF ACTION

## COUNT III: Quantum Meruit (Against Defendant BPS Only)

87.     Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 86 of this Complaint, as though the same were fully and completely set forth herein.

88.     Plaintiff provided services in designing the Software for BPS in good faith.

89.     BPS accepted the services and the software rendered by Plaintiff and continues to use the software in its daily operations.

90.     There was an expectation of compensation by Plaintiff and Defendant BPS, in that Plaintiff was to receive a monthly draw of $3,850.00 plus twenty five ($0.25) cents for each new customer obtained by BPS each month, determined on a cumulative basis.

91.     This compensation represents the reasonable value of the services rendered by Plaintiff to Defendant BPS for which Defendant BPS has refused to provide compensation to Plaintiff.

92.     As a result of the actions of the Defendant, BPS, Plaintiff has suffered substantial economic damages, including, without limitation, the following:

    a.   the loss of his monthly draw of $3,850.00;

22

**Law Offices of Jerry S. Goldman & Associates, P.C.**

    b.   the loss of his residuals of twenty five ($0.25) cents per new customer per month, determined on a cumulative basis, estimated to be, upon information and belief, thousands of new customers at this point; and,

    c.   lost economic opportunities to market, sell, license or otherwise distribute the Software to third parties, thereby creating substantial revenues for Plaintiff which Defendant has precluded him from receiving.

93.    Upon information and belief, Plaintiff believes that the Defendant BPS has realized profits (50% of which rightly belongs to Plaintiff) of its own by selling and/or licensing the Software to third parties.

94.    As a result of the Defendant's actions, the Plaintiff has been irreparably damaged, as described herein, and will continue to be harmed unless the Defendant is enjoined.

95.    By reason of the Defendant's actions, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## AS AND FOR THE FOURTH CAUSE OF ACTION

### COUNT IV: Conversion (Against Defendants BPS, Chanin, and Blau)

96.    Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 95 of this Complaint, as though the same were fully and completely set forth herein.

Law Offices of Jerry S. Goldman &
Associates, P.C.

97.     Plaintiff owns the Software he designed for use by BPS in its credit card processing operation pursuant to the agreement described above.

98.     Defendants BPS, Chanin, and Blau have engaged in conversion by misappropriating the software and its accompanying items (diskettes, compact disc, hardware, etc.) for their own use and denying Plaintiff access to the Software.

99.     Defendants BPS, Chanin, and Blau have willfully and wantonly converted the software and the other property of the Plaintiff in an intentional and malicious attempt to deprive Plaintiff of the benefits of his ownership rights to the Software and such other property.

100.     Defendants BPS, Chanin, and Blau are well aware that the software and the other property has substantial value in the commercial marketplace given its ability to perform the necessary functions to assist with a credit card processing operation.

101.     Plaintiff has demanded return of the Software, but Defendants BPS, Chanin, and Blau have refused to relinquish control of the software and the other property.

102.     As a result of such actions, the Defendants BPS, Chanin, and Blau, Plaintiff has suffered substantial economic damages, including, without limitation, the following:

    a.   the loss of his monthly draw of $3,850.00;

    b.   the loss of his residuals of twenty five ($0.25) cents per new customer per month, determined on a cumulative basis, estimated to be, upon information and belief, thousands of new customers at this point; and,

```
Law Offices of Jerry S. Goldman &
            Associates, P.C.
```

c.   lost economic opportunities to market, sell, license or otherwise distribute the Software to third parties, thereby creating substantial revenues for Plaintiff which Defendants have precluded him from receiving.

103.   Upon information and belief, Plaintiff believes that the Defendants BPS, Chanin and Blau have realized profits (50% of which rightly belongs to Plaintiff) of their own by selling and/or licensing the Software to third parties.

104.   As a result of the actions of the Defendants BPS, Chanin and Blau, the Plaintiff has been irreparably damaged, as described herein, unless the Defendants are enjoined.

105.   By reason of the aforementioned Defendants' actions, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

106.   Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Defendants' acts.

## AS AND FOR THE FIFTH CAUSE OF ACTION

## COUNT V:  Fraudulent Inducement (Against Defendants BPS, Chanin and Blau)

107.   Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 106 of this Complaint, as though the same were fully and completely set forth herein.

25

**Law Offices of Jerry S. Goldman & Associates, P.C.**

108.    Defendants BPS, Chanin and Blau represented to Plaintiff that if he were to design the software for use by BPS, BPS would agree that Plaintiff would retain sole ownership of the Software and compensate Plaintiff in the fashion described herein.

109.    Defendants BPS, Chanin and Blau made these representations with the intent to deceive Plaintiff as BPS, Chanin and Blau intended to misappropriate the Software and not properly compensate Plaintiff.

110.    Plaintiff justifiably relied upon the representations of Defendants BPS, Chanin and Blau when he agreed to design the Software.

111.    As a result of his reliance upon the representations of Defendants BPS, Chanin and Blau, Plaintiff was fraudulently induced to enter into the agreement to design the Software.

112.    As a result of such actions by the Defendants, BPS, Chanin and Blau, Plaintiff has suffered substantial economic damages including, without limitation, the following:

   a.   the loss of his monthly draw of $3,850.00;

   b.   the loss of his residuals of twenty five ($0.25) cents per new customer per month, determined on a cumulative basis, estimated to be, upon information and belief, thousands of new customers at this point; and,

   c.   lost economic opportunities to market, sell, license or otherwise distribute the Software to third parties, thereby creating substantial revenues for Plaintiff which Defendants have precluded him from receiving.

26

Law Offices of Jerry S. Goldman &
Associates, P.C.

113.     Upon information and belief, Plaintiff believes that the Defendants, BPS, Chanin and Blau, have realized profits (50% of which rightly belong to Plaintiff) of their own by selling and/or licensing the Software to third parties.

114.     As a result of the Defendants' actions, the Plaintiff has been irreparably damaged, as described herein, and will continue to be harmed unless the Defendants, BPS, Chanin and Blau, are enjoined.

115.     By reason of the aforementioned Defendants' actions, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

116.     Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Defendants' acts.

## AS AND FOR THE SIXTH CAUSE OF ACTION

### COUNT VI: Tortious Interference with Prospective Contractual Relations (Against Defendants BPS, Chanin and Blau)

117.     Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 116 of this Complaint, as though the same were fully and completely set forth herein.

118.     Plaintiff has existing business relationships and/or potential relationships with third parties to whom Plaintiff was going to sell the Software.

27

Law Offices of Jerry S. Goldman & Associates, P.C.

119.   The Defendants were aware that the Plaintiff intended to sell and/or license the software and/or components of the Software to third parties.

120.   By misappropriating the Software, the Defendants interfered with the business relationships of Plaintiff.

121.   By way of the actions as described herein, the Defendants have, and intend to interfere with such relationships.

122.   The Defendants have acted unlawfully in a course of conduct designed with the intent to inflict harm upon Plaintiff.  This conduct includes, without limitation, the intentional misrepresentations made by Defendants in order to gain control over and misappropriate the Software, locking Plaintiff out of the Software, unlawfully evicting Plaintiff from the apartment provided by Defendants, and utilizing the Software in an effort to market and/or license it to third parties.

123.   Defendants' sole purpose in acting the way they did was to harm the Plaintiff and his business relationships, or, in the alternative, Defendants have used dishonest, unfair, or improper means to interfere with such relationships and/or potential relationships.

124.   As a result of the conduct of Defendants, Plaintiff has suffered damages, including, but not limited to, suffering the loss of his business relationships and the ability to market and sell and/or license the software he designed to third parties, thereby deriving substantial revenues from Plaintiff.

**Law Offices of Jerry S. Goldman & Associates, P.C.**

125.    As a result of such activities, Plaintiff has been irreparably damaged, as described herein, unless the aforementioned Defendants are enjoined.

126.    Upon information and belief, Plaintiff believes that the Defendants BPS, Chanin and Blau have realized profits (50% of which rightly belong to Plaintiff) of their own by selling and/or licensing the Software to third parties.

127.    By reason of the aforementioned Defendants' actions, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

128.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Defendants' acts.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

## COUNT VII:  Misappropriation of Trade Secrets (Against Defendants BPS, Chanin, and Blau)

129.    Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 128 of this Complaint, as though the same were fully and completely set forth herein.

130.    The Software designed by Plaintiff consists of trade secrets, including various formulas, patterns, ideas and compilations of information critical to the successful operation of the Software.

131.    These trade secrets were devised to give Plaintiff an advantage over competitors who do not know the information.

Law Offices of Jerry S. Goldman &
Associates, P.C.

X:\Clients\Cristaudo\BPS\Pleadings\2ndAmendedComplaint_Final.doc

132.    Such information is not disclosed to anyone, except to Plaintiff's own agents and contractors, or to the Defendants, and was revealed, solely and exclusively, in such confidential capacity, so that the parties could comply with their agreement.

133.    Plaintiff and the Defendants had an agreement that the software and its constituent components would remain confidential amongst the parties named herein.

134.    Despite such agreement, the Defendants have disclosed the trade secrets to third parties who, upon information and belief, are assisting the Defendants with a review of the software and a planned attempt by Defendants to directly market similar software to others.

135.    Upon information and belief, Plaintiff further believes that Defendants have misappropriated the trade secrets in an effort to sell and license the exact same software designed by Plaintiff to third parties.

136.    Plaintiff believes and avers that the Defendant, BPS has misappropriated the Software by using the trade secrets for its own benefit and profit.

137.    Plaintiff believes and avers that the Defendants have been incorporating and utilizing and/or attempting to incorporate and utilize such trade secrets into new or other software.

138.    The trade secrets are, and remain, the sole and exclusive property of the Plaintiff.

139.    It is alleged, on information and belief, that the Defendants were and are aware that such information is confidential, proprietary and valuable, and is to be kept confidential.

Law Offices of Jerry S. Goldman & Associates, P.C.

140.    It is alleged, on information and belief, that the Defendants are intending to use the Software and market the Software containing the trade secrets to third parties.

141.    It is wholly impossible for the Plaintiff to detect all of the uses of such confidential information.

142.    Defendants have misappropriated and utilized Plaintiff's trade secrets, have competed unfairly with the Plaintiff, and will continue to do so unless permanently enjoined from doing so.

143.    As a result of such activities, the Plaintiff has been irreparably damaged, as described herein, and will continue to be harmed unless the Defendants are enjoined.

144.    As a result of such misappropriation by BPS, Chanin, and Blau, Plaintiff has suffered substantial economic damages including without limitation the following:

a.   the loss of his monthly draw of $3,850.00;

b.   the loss of his residuals of twenty five ($0.25) cents per new customer per month, determined on a cumulative basis, estimated to be, upon information and belief, thousands of new customers at this point; and,

c.   lost economic opportunities to market, sell, license or otherwise distribute the Software to third parties, thereby creating substantial revenues for Plaintiff which Defendants have precluded him from receiving.

Law Offices of Jerry S. Goldman &
Associates, P.C.

145.     Upon information and belief, Plaintiff believes that the Defendants BPS, Chanin and Blau have realized profits (50% of which rightly belong to Plaintiff) of their own by selling and/or licensing the Software to third parties.

146.     By reason of the aforementioned Defendants' actions, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

147.     Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Defendants' acts.

## AS AND FOR THE EIGHTH CAUSE OF ACTION

### COUNT VIII: Unfair Competition (Against Defendants BPS, Chanin and Blau)

148.     Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 147 of this Complaint, as though the same were fully and completely set forth herein.

149.     The object and purpose of the Defendants was to despoil the Plaintiff's business, goodwill, trade and patronage, to ruin the Plaintiff's business and to develop and promote a competitive business to the detriment of the Plaintiff and for the collective profit of the Defendants.

150.     The acts of the defendants constitute unfair competition with the Plaintiff in that the disclosure, marketing, sale, permission of inspection and examination, modification, licensing, and attempted licensing of Plaintiff's Software by the Defendants is unauthorized, and

Law Offices of Jerry S. Goldman &
Associates, P.C.

constitutes an unlawful misappropriation of the Plaintiff's property rights in the software. Further, the acts of Defendants in falsely, and with the intent to deceive, representing the software to be the property of Defendants, constitutes unfair competition.

151.    As a result of such activities, Plaintiff has been irreparably damaged, as described herein, unless the Plaintiff is enjoined.

152.    As a result of the actions by BPS, Chanin and Blau, Plaintiff has suffered substantial economic damages including without limitation the following:

    a.   the loss of his monthly draw of $3,850.00;

    b.   the loss of his residuals of twenty five ($0.25) cents per new customer per month, determined on a cumulative basis, estimated to be, upon information and belief, thousands of new customers at this point; and,

    c.   lost economic opportunities to market, sell, license or otherwise distribute the Software to third parties, thereby creating substantial revenues for Plaintiff which Defendants have precluded him from receiving.

153.    By reason of the Defendants' actions, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

154.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the Defendants' acts.

Law Offices of Jerry S. Goldman & Associates, P.C.

## AS AND FOR THE NINTH CAUSE OF ACTION

## COUNT IX: Tortious Breach of Implied Convenant of Good Faith and Fair Dealing
### (As against Defendants BPS, Chanin and Blau)

155.    Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 154 of this Complaint, as though the same were fully and completely set forth herein.

156.    The agreement the Defendant, BPS, had with the Plaintiff had, as a matter of law, an implied covenant of good faith and fair dealing.

157.    Defendants, BPS, Chanin and Blau have, by taking the actions described above, breached such duty to the Plaintiff.

158.    The Defendants, BPS, Chanin and Blau have acted on behalf of their own financial interests with the intentional disregard for the financial interests of the Plaintiff.

159.    The Defendants, BPS, Chanin and Blau have affirmatively sought to prevent the agreed upon performance under the agreement and/or has intended to deprive the Plaintiff of its benefits under the agreement.

160.    As a result of such activities, the Plaintiff has been irreparably damaged, as described herein, and will continue to be harmed unless the Defendants BPS, Chanin and Blau are enjoined.

34

Law Offices of Jerry S. Goldman &
Associates, P.C.

161.    As a result of the breach of such covenant by Defendants BPS, Chanin and Blau, Plaintiff has suffered substantial economic damages including without limitation the following:

a.  the loss of his monthly draw of $3,850.00;

b.  the loss of his residuals of twenty five ($0.25) cents per new customer per month, determined on a cumulative basis, estimated to be, upon information and belief, thousands of new customers at this point; and,

c.  lost economic opportunities to market, sell, license, or otherwise distribute the Software to third parties, thereby creating substantial revenues for Plaintiff which Defendant has precluded him from receiving.

162.    By reason of the Defendants' actions, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

163.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the Defendants' acts.

## AS AND FOR AN TENTH CAUSE OF ACTION

## COUNT X:  TORTIOUS BREACH OF CONTRACT (Against Defendant BPS)

164.    Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 163 of this Complaint, as though the same were fully and completely set forth herein.

35

Law Offices of Jerry S. Goldman & Associates, P.C.

165.    The behavior by the Defendant BPS relative to its contractual obligations towards the Plaintiff, relative to the Software, was egregious, morally reprehensible and wantonly dishonest.

166.    As such, punitive damages should be added to any award of compensatory damages for such actions on the part of the Defendant, BPS.

## AS AND FOR THE ELEVENTH CAUSE OF ACTION

## COUNT XI: Request for a Declaratory Judgment (Against Defendants BPS, Chanin, and Blau)

167.    Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 166 of this Complaint, as though the same were fully and completely set forth herein.

168.    A dispute has arisen between the Plaintiff and Defendants BPS, Chanin, and Blau with respect to ownership of the Software described herein.

169.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. section 2201, a declaratory judgment is necessary and appropriate to determine the rights of the parties.

170.    Plaintiff respectfully requests that the court enter an order declaring Plaintiff to be the sole owner of the Software program described herein and all materials and equipment related thereto and prohibiting Defendants BPS, Chanin and Blau from exercising, or attempting to exercise, any ownership rights with respect to the Software.

Law Offices of Jerry S. Goldman & Associates, P.C.

## AS AND FOR THE TWELVTH CAUSE OF ACTION

### COUNT XII: Unlawful Eviction (Against Defendants BPS, Chanin, Blau and Lee)

171.    Plaintiff repeats, alleges and hereby incorporates by reference the preceding allegations contained in Paragraphs 1 through 170 of this Complaint, as though the same were fully and completely set forth herein.

172.    Plaintiff was a tenant in an apartment provided by Defendants BPS, Chanin, Lee and Blau located at 106 Central Park South, Apt. 11J, New York, N.Y. 10019 ("Premises") beginning on or about January 10, 2004.

173.    The Premises were provided to Plaintiff as by the Defendant BPS, Chanin, Blau and Lee, quarters upon his temporary relocation from Oregon to New York City.

174.    Such Premises were owned, on information and belief, by one of the owners of the Company and were provided to the Defendant Lee for her use.

175.    On information and belief, Defendant Lee temporarily vacated the premises, but continued to be responsible for same, in order to live with another owner of the Company.

176.    On or about January 10, 2004, Plaintiff was given a key to, and the right to use and occupy the Premises on such date, and actually moved his belongings into the Premises on January 11, 2004.

177.    As such, Defendants were well aware that Plaintiff had no other premises in which to live in the New York City metropolitan area.

Law Offices of Jerry S. Goldman &
Associates, P.C.

178.     On the evening of February 12-13, 2004, having had rights to the Premises since January 10, 2004, and having lawfully occupied same during such period of time, Plaintiff was in lawful possession of the Premises.

179.     Prior to February 13, 2004, Defendants BPS, Chanin, Lee and Blau ("conspirators") conspired with each other and formed a deliberate design and purpose to injure plaintiff and to cause him to lose his rights to the Premises, as part of their efforts to wrongfully deprive Plaintiff of his rights to the Software, and, in furtherance of such unlawful design and purpose, did the various wrongful and unlawful acts alleged below.

180.     As a result of the conspiracy, without any cause, warning or notice, Plaintiff was unlawfully evicted from and denied his right to occupy the Premises, in contravention of the laws of the State of New York.

181.     In furtherance of the conspiracy, the conspirators, on or before, February 12 to 13, 2004, decided to evict and deprive Plaintiff use of the Premises in contravention of law.

182.     When Plaintiff returned to the Premises at approximately 12:30 a.m. on February 13, 2004, Plaintiff was advised by building security that he was no longer permitted in the apartment, based upon the direction of the Conspirator Lee, and they stopped and in a forcible manner, precluded him from entering the Premises.  The police were called to the scene, and Plaintiff relinquished his keys to the police at approximately 2:30 a.m. on February 13, 2004.

38

Law Offices of Jerry S. Goldman & Associates, P.C.

183.    When Plaintiff complained of such actions to the Conspirator Lee, he was advised, in furtherance of the Conspiracy, to make a deal with the Conspirators relative to the Software.

184.    Plaintiff had occupied the premises for thirty (30) consecutive days or longer.

185.    Nevertheless, and despite the fact that the Defendants did not even attempt to obtain a court order for an eviction, the Defendants evicted Plaintiff on February 13, 2004 without any notice whatsoever.

186.    Conspirators deprived the Plaintiff of his lawful use and possession of the Premises and continue to hold the Premises and keep Plaintiff out of the Premises by force and without order of the Court in contravention of R.P.A.P.L Sec. 853.

187.    R.P.A.P.L. Section 711 requires that a landlord pursue a special proceeding to obtain a court order of eviction before obtaining possession of the Premises.

188.    The Defendants willfully and wantonly failed to comply with R.P.A.P.L. Sec. 711 when they evicted Plaintiff from the Premises without first obtaining a court order of eviction, or even commencing such a special proceeding.

189.    As a result of this violation of law and the actions taken by the Defendants, Plaintiff has suffered significant emotional distress as well as economic damages.

190.    Plaintiff was damaged by the Defendants actions as complained of herein.

Law Offices of Jerry S. Goldman & Associates, P.C.

191.   R.P.A.P.L. Sec. 853 provides for treble damages for wrongful evictions, as complained of herein.

192.   Punitive damages should be added to the amount of compensatory damages incurred by Plaintiff because of the willful and wanton nature of the Defendants' acts.

193.   Based upon this violation of law, Plaintiff must be restored to the Premises.

## E.   RELIEF REQUESTED.

**WHEREFORE**, Frank A. Cristaudo, the Plaintiff herein, prays that this Court adjudge and decree as follows:

194.   On Count I, *Copyright Infringement,* Plaintiff requests that this Court enter judgment against the Defendant BPS, Chanin, Lee and Blau:

a.   Requiring Defendants to account to the Plaintiff for all money received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

b.   Entering an Order providing that Defendants shall be prohibited from: (i) using the Software; (ii) reselling the Software;  (iii) reverse engineering the Software; and/or (iv) disclosing any information whatsoever regarding the Software to any third party;

Law Offices of Jerry S. Goldman &
Associates, P.C.

c.  Entering an Order that the Defendants, their respective agents, servants, employee, officers, attorneys, successors, and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action, and permanently, from:

> i.  Directly or indirectly infringing the copyrights of the Plaintiff in any manner; and,

> ii.  Reproducing and causing, contributing to, or participating in, the unauthorized reproduction and the distribution to the public by sale or other transfer of ownership, or by rental, lease, or lending, unauthorized reproductions of the Plaintiff's copyrighted software;

d.  That the Defendants jointly and severally, be required to pay to Plaintiff those compensatory damages the Plaintiff has sustained in consequence of the Defendants' infringement of the copyrights, and to account for all gains, profits, and advantages derived by the Defendants by their respective infringements of the Plaintiff's copyrights, in an amount to be determined by proof at trial;

e.  That the Defendants be required to deliver up, to be impounded during the pendency of this action and to deliver up for destruction any and all infringing unauthorized reproductions of Plaintiff's copyrighted Software;

f.  That the Defendants pay to Plaintiff the costs and disbursements of this action, together with reasonable attorneys fees;

41

**Law Offices of Jerry S. Goldman & Associates, P.C.**

g.   For prejudgment and post-judgment interest on those damages as allowed by law; and,

h.   For all other relief that may be just and equitable.

195.   On Count II, *Breach of Contract*, Plaintiff requests that this Court enter judgment against Defendant BPS:

a.   Requiring the Defendant BPS to account to the Plaintiff for all money received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

b.   Entering an injunction providing that the Defendant BPS shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii) reverse engineering the Software; and/or (iv) or disclosing any information whatsoever regarding the Software to any third party;

c.   For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars;

d.   For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact;

e.   For the costs of this action, including reasonable attorney's fees;

f.   For prejudgment and post-judgment interest on those damages as allowed by law; and,

Law Offices of Jerry S. Goldman & Associates, P.C.

g.   For all other relief that may be just and equitable.

196.   On Count III, *Quantum Meruit*, Plaintiff requests that the Court enter judgment against Defendant BPS:

a.   Requiring the Defendant BPS to account to the Plaintiff for all money received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

b.   Entering an injunction providing that the Defendant BPS shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii) reverse engineering the Software; and/or (iv) or disclosing any information whatsoever regarding the software to any third party;

c.   For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars;

d.   For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact;

e.   For the costs of this action, including reasonable attorney's fees;

f.   For prejudgment and post-judgment interest on those damages as allowed by law; and,

g.   For all other relief that may be just and equitable.

Law Offices of Jerry S. Goldman & Associates, P.C.

197.    On Count IV, *Conversion*, Plaintiff requests that the Court enter judgment against Defendants BPS, Chanin and Blau:

a.   Requiring Defendants BPS, Chanin and Blau to account to the Plaintiff for all money  received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

b.   Entering an injunction providing that Defendants BPS, Chanin and Blau shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii) reverse engineering the Software; and/or (iv) or disclosing any information whatsoever regarding the Software to any third party;

c.   For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars to be imposed jointly and severally;

d.   For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact, to be imposed jointly and severally;

e.   For the costs of this action, including reasonable attorney's fees;

f.   For prejudgment and post-judgment interest on those damages as allowed by law; and,

g.   For all other relief that may be just and equitable.

Law Offices of Jerry S. Goldman &
Associates, P.C.

198. On Count V, *Fraudulent Inducement*, Plaintiff requests that the Court enter judgment against Defendants BPS, Chanin and Blau:

   a. Requiring Defendants BPS, Chanin and Blau to account to the Plaintiff for all money received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

   b. Entering an injunction providing that Defendants BPS, Chanin and Blau shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii) reverse engineering the Software; and/or (iv) or disclosing any information whatsoever regarding the Software to any third party;

   c. For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars to be imposed jointly and severally;

   d. For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact, to be imposed jointly and severally;

   e. For the costs of this action, including reasonable attorney's fees;

   f. For prejudgment and post-judgment interest on those damages as allowed by law; and,

   g. For all other relief that may be just and equitable.

Law Offices of Jerry S. Goldman & Associates, P.C.

199.    On Count VI, *Tortious Interference with Prospective Contractual Relations*, Plaintiff requests that the Court enter judgment against the Defendants BPS, Chanin and Blau:

a.   Requiring Defendants BPS, Chanin and Blau to account to the Plaintiff for all money received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

b.   Entering an injunction providing that Defendants BPS, Chanin and Blau shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii) reverse engineering the Software; (iv) or disclosing any information whatsoever regarding the Software to any third party;

c.   For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars to be imposed jointly and severally;

d.   For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact, to be imposed jointly and severally;

e.   For the costs of this action, including reasonable attorney's fees;

f.   For prejudgment and post-judgment interest on those damages as allowed by law; and,

g.   For all other relief that may be just and equitable.

46

**Law Offices of Jerry S. Goldman & Associates, P.C.**

200.    On Count VII, *Misappropriation of Trade Secrets*, Plaintiff requests that this Court enter judgment against the Defendants BPS, Chanin and Blau:

a.  Requiring Defendants BPS, Chanin and Blau to account to the Plaintiff for all money received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

b.  Entering an injunction providing that Defendants BPS, Chanin and Blau shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii) reverse engineering the Software; and/or (iv) or disclosing any information whatsoever regarding the Software to any third party;

c.  For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars to be imposed jointly and severally;

d.  For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact, to be imposed jointly and severally;

e.  For the costs of this action, including reasonable attorney's fees;

f.  For prejudgment and post-judgment interest on those damages as allowed by law; and,

g.  For all other relief that may be just and equitable.

47

**Law Offices of Jerry S. Goldman & Associates, P.C.**

201.    On Count VIII, *Unfair Competition*, Plaintiff requests that this Court enter judgment against the Defendants BPS, Chanin and Blau:

    a.  Requiring Defendants BPS, Chanin and Blau to account to the Plaintiff for all money  received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

    b.  Entering an injunction providing that Defendants BPS, Chanin and Blau shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii) reverse engineering the Software; and/or (iv) or disclosing any information whatsoever regarding the Software to any third party;

    c.  For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars to be imposed jointly and severally;

    d.  For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact, to be imposed jointly and severally; For the costs of this action, including reasonable attorney's fees;

    e.  For prejudgment and post-judgment interest on those damages as allowed by law; and,

    f.  For all other relief that may be just and equitable.

Law Offices of Jerry S. Goldman &
Associates, P.C.

202.    On Count IX, *Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing*, Plaintiff requests that this Court enter judgment against the Defendants BPS, Chanin and Blau:

a.   Requiring Defendants BPS, Chanin and Blau to account to the Plaintiff for all money  received, directly or indirectly, from any third party in connection with the sale and/or license of the Software at issue;

b.   Entering an injunction providing that Defendants BPS, Chanin and Blau shall be prohibited from (i) using the Software; (ii) reselling the Software; (iii)  reverse engineering the Software; (iv) or disclosing any information whatsoever regarding the Software to any third party;

c.   For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars to be imposed jointly and severally;

d.   For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact, to be imposed jointly and severally;

e.   For the costs of this action, including reasonable attorney's fees;

f.   For prejudgment and post-judgment interest on those damages as allowed by law; and,

g.   For all other relief that may be just and equitable.

Law Offices of Jerry S. Goldman &
Associates, P.C.

203.    On Count X, *Tortious Breach of Contract*, Plaintiff requests that this Court enter judgment against the Defendant BPS:

    a.  For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact;

    b.  For the costs of this action, including reasonable attorney's fees;

    c.  For prejudgment and post-judgment interest on those damages as allowed by law; and,

    d.  For all other relief that may be just and equitable.

204.    On Count XI, *Request for Declaratory Judgment*, Plaintiff requests that this Court enter judgment against the Defendants BPS, Chanin and Blau:

    a.  Entering an Order declaring Plaintiff to be the sole owner of the Software program described herein and all materials and equipment related thereto;

    b.  Entering an Order Prohibiting Defendants from exercising, or attempting to exercise, any ownership rights with respect to the Software;

    c.  For the costs of this action, including reasonable attorney's fees; and,

    d.  For all other relief that may be just and equitable.

Law Offices of Jerry S. Goldman &
Associates, P.C.

205.     On Count XII, *Unlawful Eviction*, Plaintiff requests that this Court enter judgment against Defendants BPS, Chanin, Lee and Blau:

    a.   For compensatory damages in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars to be imposed jointly and severally;

    b.   For punitive and exemplary damages in an amount in excess of Seventy-five Thousand ($75,000.00) dollars, as determined by the trier of fact, to be imposed jointly and severally;

    c.   For the costs of this action, including reasonable attorney's fees;

    d.   Treble damages as provided for by R.P.A.P.L. Section 853 to be implied jointly and severally;

    e.   Restoration of occupancy of the premises to the Plaintiff;

    f.   For prejudgment and post-judgment interest on those damages as allowed by law; and,

    g.   For all other relief that may be just and equitable.

Law Offices of Jerry S. Goldman &
Associates, P.C.

Dated: _____ __, 2005
       New York, N.Y.

                                     LAW OFFICES OF JERRY S. GOLDMAN
                                        & ASSOCIATES, P.C.

                        By:_____
                              JERRY S. GOLDMAN, ESQUIRE (JG 8445)

                              _____

                              GINA MAC NEILL, ESQUIRE (GM 0581)

                              Attorneys for the Plaintiff,
                                     Frank Cristaudo

                              The Trinity Building
                              111 Broadway, 13th Floor
                              New York, New York, 10006
                              Telephone:  (212) 242-2232
                              Fax: (212) 346-4665

                                        **Law Offices of Jerry S. Goldman &**
                                          **Associates, P.C.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

FRANK CRISTAUDO                                    :
               Plaintiff,                    :          CASE NO.  2004 CV 08782 (PKC)
                                    :
          v.                                 :          DEMAND FOR JURY TRIAL
                                    :
                                    :
BUSINESS PAYMENT SYSTEMS LLC,        :
      SAMUEL CHANIN, STEPHANIE LEE,   :
      and  IZZY BLAU                           :
                  Defendants.                :
_____:

       Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure,

Rule 38(b) on all issues properly heard by a jury.


Dated: _____, 2005


                              LAW OFFICES OF JERRY S. GOLDMAN
                                    & ASSOCIATES, P.C.


                     By:_____
                       Jerry S. Goldman, Esquire (JG 8445)


                     _____
                     Gina M. Mac Neill, Esquire (GM 0581)

                     Attorneys for the Plaintiff,
                        Frank Cristaudo

                     The Trinity Building
                     111 Broadway, 13th Floor
                     New York, New York, 10006
                     Telephone:  (212) 242 2232
                     Fax: (212) 346-4665

                     `Law Offices of Jerry S. Goldman &`
                              `Associates, P.C.`

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

FRANK CRISTAUDO                                    :
               Plaintiff,                 :          CASE NO.  2004 CV 08782 (PKC)
                                   :
          v.                                     :          VERIFICATION
                                   :
                                   :
BUSINESS PAYMENT SYSTEMS LLC,      :
      SAMUEL CHANIN, STEPHANIE LEE,    :
      and  IZZY BLAU                     :
                        Defendants.        :
_____:

State of _____               :
                         :          ss.
County of _____               :


Frank Cristaudo, being duly sworn, deposes and says: that he resides and maintains a principal

place of business at 3215 S.E. 57th Avenue, Portland, Oregon 97206; and that he has read the

foregoing first amended complaint and knows the contents thereof and that the case are true of

his own knowledge except as to the matters therein stated to be alleged on information and

belief, and as to those matters he believes them to be true.


_____
FRANK CRISTAUDO



Sworn to before me this
_____ day of _____, 2005

_____
NOTARY PUBLIC


54

Law Offices of Jerry S. Goldman &
Associates, P.C.

## CERTIFICATION OF SERVICE

I hereby certify that on this date I served the foregoing Second Amended Complaint upon counsel for the Defendants, by mailing a copy of same, postage prepaid and properly addressed as follows:

Dated: _____ ___, 2005

_____
JERRY S. GOLDMAN, ESQUIRE

55

**Law Offices of Jerry S. Goldman &**
**Associates, P.C.**