UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
FRANK A. CRISTAUDO

                                                        **VERIFIED ANSWER**

                                Plaintiff,

                -against-                      CASE NO. 2004 CV 08782 (PKC)


BUSINESS PAYMENT SYSTEMS LLC
et al.

                                Defendants.
-----------------------------------------------------x

        Defendants, BUSINESS PAYMENT SYSTEMS, LLC (hereinafter "BPS"),

SAMUEL CHANIN (hereinafter "Chanin"), STEPHANIE LEE (hereinafter "Lee") and

YITZCHOK BLAU (hereinafter "Blau") (or collectively "Defendants") by their

undersigned attorneys, Daniel B. Faizakoff, P.C. as and for their Verified Answer with

Counterclaims to Plaintiff's Verified Complaint dated January 24, 2005 hereby allege as

follows:

A.      **PARTIES.**

        1.      Defendants deny knowledge and information sufficient to form a belief

regarding each and every allegation set forth in paragraph "1" of Plaintiff's Verified

Second Amended Complaint.

        2.      Defendants deny each and every allegation contained in paragraph "3" of

Plaintiff's Verified Second Amended Complaint except admit that Defendant Chanin is

an adult individual who resides at 81 Nassau Street, Apt. 5C, New York, New York

10038 and at all times material hereto, Defendant Chanin was the Chief Executive

Officer of BPS.

3.     Defendants deny each and every allegation contained in paragraphs "4" through "7" of Plaintiff's Verified Second Amended Complaint.

**B.     JURISDICTION AND VENUE.**

4.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "8" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

5.     Defendants deny each and every allegation contained in paragraph "9" of Plaintiff's Verified Second Amended Complaint.

6.     Defendants deny knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraph "10" of Plaintiff's Verified Second Amended Complaint.

7.     Defendants deny each and every allegation contained in paragraph "11" of Plaintiff's Verified Second Amended Complaint.

**C.     COMMON FACTUAL ALLEGATIONS RELEVANT TO ALL OF THE COUNTS OF THE COMPLAINT.**

8.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "13" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

9.     Defendants deny each and every allegation contained in paragraphs "14" through "17" of Plaintiff's Verified Second Amended Complaint.

10.     Defendants deny each and every allegation contained in paragraphs "19" through "22" of Plaintiff's Verified Second Amended Complaint.

11.     Defendants deny each and every allegation contained in paragraph "23" of Plaintiff's Verified Second Amended Complaint except admit that during Plaintiff's

employment by BPS, Plaintiff performed various services as explicitly directed by BPS though its agents, employees and members.

12.     Defendants deny each and every allegation contained in paragraph "24" of Plaintiff's Verified Second Amended Complaint

13.     Defendants deny each and every allegation contained in paragraphs "25" and "26" of Plaintiff's Verified Second Amended Complaint except admit that during Plaintiff's employment by BPS, Plaintiff performed various services as explicitly directed by BPS though its agents, employees and members.

14.     Defendants deny each and every allegation contained in paragraphs "27" through "29" of Plaintiff's Verified Second Amended Complaint.

15.     Defendants deny knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraphs "30" and "31" of Plaintiff's Verified Second Amended Complaint.

16.     Defendants deny each and every allegation contained in paragraphs "32" through "34" of Plaintiff's Verified Second Amended Complaint.

17.     Defendants deny each and every allegation contained in paragraph "35" of Plaintiff's Verified Second Amended Complaint except admit that Plaintiff was paid a salary of $3,850.00 per month in accordance with his employment by BPS.

18.     Defendants deny each and every allegation contained in paragraphs "36" through "42" of Plaintiff's Verified Second Amended Complaint.

19.     Defendants deny knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraphs "43" of Plaintiff's Verified Second Amended Complaint.

20.     Defendants deny each and every allegation contained in paragraphs "44" and "45" of Plaintiff's Verified Second Amended Complaint.

21.     Defendants deny each and every allegation contained in paragraph "46" of Plaintiff's Verified Second Amended Complaint except admit that Plaintiff's employment was terminated by BPS and BPS made a final payment of salary to Plaintiff on January 18, 2004.

22.     Defendants deny each and every allegation contained in paragraphs "47" through "54" of Plaintiff's Verified Second Amended Complaint.

23.     Defendants deny each and every allegation contained in paragraph "55" of Plaintiff's Verified Second Amended Complaint except admits that Defendant Blau was the immediate supervisor of the Plaintiff, serving as chief technical officer of BPS during the period of time in which Plaintiff was employed by BPS.

24.     Defendants deny knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraph "56" of Plaintiff's Verified Second Amended Complaint.

25.     Defendants deny each and every allegation contained in paragraphs "58" through "65" of Plaintiff's Verified Second Amended Complaint.

D.     **LEGAL CLAIMS.**

## AS AND FOR THE FIRST CAUSE OF ACTION

### COUNT I: Copyright Infringement (Against Defendants BPS, Chanin , Lee and Blau)

26.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "66" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

27.     Defendants deny each and every allegation contained in paragraphs "67" and "68" of Plaintiff's Verified Second Amended Complaint.

28.     Defendants deny knowledge and information sufficient to form a belief regarding each and every allegation set forth in paragraphs "69" and "70" of Plaintiff's Verified Second Amended Complaint.

29.     Defendants deny each and every allegation contained in paragraphs "71" through "78" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE SECOND CAUSE OF ACTION

### COUNT II: Breach of Contract (Agasint Defendant BPS Only)

30.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "79" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

31.     Defendants deny each and every allegation contained in paragraphs "80" through "86" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE THIRD CAUSE OF ACTION

### COUNT III:  Quantum Meruit (Against Defendant BPS Only)

32.    Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "87" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

33.    Defendants deny each and every allegation contained in paragraphs "88" through "95" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE FOURTH CAUSE OF ACTION

### COUNT IV:  Conversion (Against Defendant BPS, Chanin, and Blau)

34.    Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "96" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

35.    Defendants deny each and every allegation contained in paragraphs "97" through "106" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE FIFTH CAUSE OF ACTION

### COUNT V:    Fraudulent Inducement (Against Defendants BPS, Chanin and Blau)

36.    Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "107" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

37.    Defendants deny each and every allegation contained in paragraphs "108" through "116" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE SIXTH CAUSE OF ACTION

### COUNT VI:  Tortious Interference with Prospective Contractual Relations
### (Against Defendants BPS, Chanin and Blau)

6

38.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "117" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

39.     Defendants deny each and every allegation contained in paragraphs "118" through "128" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

### COUNT VII: Misappropriation of Trade Secrets (Against Defendants BPS, Chanin and Blau)

40.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "129" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

41.     Defendants deny each and every allegation contained in paragraphs "130" through "147" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE EIGHTH CAUSE OF ACTION

### COUNT VIII: Unfair Competition (Against Defendants BPS, Chanin and Blau)

42.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "148" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

43.     Defendants deny each and every allegation contained in paragraphs "149" through "154" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE NINTH CAUSE OF ACTION

### COUNT IX:  Tortious Breach of Implied Covenant of Good Faith and Fair Dealing (Against Defendants BPS, Chanin and Blau)

44.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "155" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

45.     Defendants deny each and every allegation contained in paragraph "156" of Plaintiff's Verified Second Amended Complaint and refers all matters of law to the Court.

46.     Defendants deny each and every allegation contained in paragraphs "157" through "163" of Plaintiff's Verified Second Amended Complaint.

### AS AND FOR THE TENTH CAUSE OF ACTION

### COUNT X:    Tortious Breach of Contract (Against Defendant BPS)

47.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "164" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

48.     Defendants deny each and every allegation contained in paragraphs "165" through "166" of Plaintiff's Verified Second Amended Complaint.

### AS AND FOR THE ELEVENTH CAUSE OF ACTION

### COUNT XI:   Request for a Declaratory Judgment (Against Defendants BPS, Chanin and Blau)

49.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "167" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

50.     Defendants deny each and every allegation contained in paragraph "170" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR THE TWELVTH CAUSE OF ACTION

## COUNT XII: Unlawful Eviction (Against Defendants BPS, Chanin, Blau and Lee)

51.     Defendants repeat and reallege each and every denial to each and every allegation repeated and realleged in paragraph "171" of Plaintiff's Verified Second Amended Complaint as though fully and completely set forth herein.

52.     Defendants deny each and every allegation contained in paragraphs "172" through "175" of Plaintiff's Verified Second Amended Complaint.

53.     Defendants deny each and every allegation contained in paragraph "176" of Plaintiff's Verified Second Amended Complaint except admit that in light of Plaintiff's employment by BPS, Plaintiff was welcomed as a temporary guest to the Premises and was given access to said Premises for a period of time which did not exceed 14 days in total.

54.     Defendants deny each and every allegation contained in paragraphs "177" through "186" of Plaintiff's Verified Second Amended Complaint.

55.     Defendants deny each and every allegation contained in paragraph "187" of Plaintiff's Verified Second Amended Complaint and refers all matters of law to the Court.

56.     Defendants deny each and every allegation contained in paragraphs "188" through "205" of Plaintiff's Verified Second Amended Complaint.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

57.     Plaintiff's action is barred because this Court lacks subject matter jurisdiction over the action.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

58.     Plaintiff's action is barred because Plaintiff lacks standing to sue as he is not the legal or beneficial owner of an exclusive right under a valid copyright.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

59.     Plaintiff's action is barred because Plaintiff lacks standing to sue because his alleged copyright is invalid.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

60.     Plaintiff's action is barred because Plaintiff has defrauded the United States Copyright Office by making material misrepresentations in his copyright application, including but not limited to the misrepresentation that he is the rightful owner of the rights to the management information system (hereinafter "MIS").

## AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

61.     Plaintiff fails to state a cause of action against the answering Defendants upon which relief may be granted.

## AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

62.     Plaintiff's action is barred by the doctrine of equitable estoppel.

## AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

63.     Plaintiff's action is barred by the statute of frauds.

## AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

64.     Plaintiff's action is barred by the doctrine of unclean hands.

## AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

65.     Plaintiff's action is barred by the doctrine of laches.

## AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

66.     Plaintiff's action is barred because the MIS developed by Plaintiff is a work made for hire prepared by an employee within the scope of his employment.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims against the individual defendants are barred because each and every alleged act and omission, if committed or omitted by the individual defendants were performed within their capacities as employees and/or officers or directors of BPS.

## AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claim for wrongful eviction is barred because Plaintiff was a temporary guest of BPS and did not establish residency under New York Law.

## AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

69.     Plaintiff's action is barred because Defendants satisfied each and every obligation under their oral agreement(s) with Plaintiff and paid and/or met all sums due.

## AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

70.     Plaintiff's action is barred because Defendants were and are the holders of an actual and/or implied license to utilize the MIS.

## COMMON FACTUAL ALLEGATIONS
## RELEVANT TO DEFENDANTS' COUNTERCLAIMS

71.     Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 70 of this Answer, as though the same were fully and completely set forth herein.

72.     Defendant Business Payment Systems, LLC (hereinafter "BPS") is a domestic limited liability company organized under the laws of the State of New York.

73.     BPS recruits, trains and manages a sales force (hereinafter "Sales Force") whose primary function is to recruit merchants such as retail stores etc. (hereinafter "Merchants") who are in need of a variety of payment and card related products and services including but not limited to credit and debit cards, ATM processing, gift and loyalty cards and prepaid credit and telephone services (hereinafter "Services").

74.     When the Sales Force successfully recruits Merchants, BPS acts as a liaison between the Merchant and the various vendors, manufacturers, processors and system developers which provide the Services (hereinafter "Providers").

75.     The Sales Force earns up-front commissions as well as ongoing residuals (hereinafter "Residuals") for each of the many individual transactions transacted by the Merchants.

76.     The Providers generate monthly reports to BPS accounting for all the transactions and the Residuals earned.

77.     BPS desired a comprehensive computer system which would allow BPS to (1) enter the data contained in the reports forwarded by the Providers and (2) break down that information per sales agent so that BPS could, in turn, generate reports for each of its sales agents accounting for the number of Merchants s/he had recruited, the number of monthly transactions processed, and the sum of all Residuals due to the agent each month.

78.     BPS entered into an oral agreement with Plaintiff, Frank Cristaudo (hereinafter "Plaintiff") wherein BPS employed Plaintiff to develop and build the system it desired.

79.     At all times relevant hereto, Plaintiff worked exclusively for BPS.

80.     Plaintiff and BPS agreed on a monthly salary of $3,850.00 for the work to be performed by Plaintiff.

81.     The monthly salary was the sole remuneration to which Plaintiff would be entitled for his employment with BPS.

82.     At all times relevant, BPS paid Plaintiff timely, and in some instances in advance, for the work he was employed to perform.

83.     At his request, Plaintiff was paid his monthly salary by direct deposit into a bank account designated by the Plaintiff.

84.     BPS otherwise met all of its obligations to the Plaintiff.

85.     The MIS that BPS hired Plaintiff to build was used purely as an administrative and internal system to allow BPS to better manage its relationship with its Sales Force and account for Residuals to be paid.

86.     In no way did the MIS contribute to the growth of BPS.

87.     In fact, Plaintiff breached his agreement with BPS by exhibiting gross incompetence and by failing to build a working and useable MIS.

88.     At all relevant times, the MIS was flawed and defective and caused BPS substantial damage during its use.

89.     In some instances, residuals were overpaid and in others, the system generated repeated gross reporting errors.

90.     The repeated gross reporting errors created by Plaintiff's flawed MIS injured BPS' reputation in the business community and resulted in lost business opportunities.

91.     Plaintiff also failed to show up for work, failed to follow the directives of BPS and its managers and supervisors and failed to maintain an adequate level of professionalism.

92.     Plaintiff also exhibited frequent insobriety and often arrived to work at BPS' offices in a drunken state with alcohol on his breath.

93.     As a direct result of Plaintiff's numerous breaches of his employment agreement and reprehensible moral turpitude, BPS properly terminated its relationship with Plaintiff.

<u>**AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM**</u>

<u>**COPYRIGHT INFRINGEMENT**</u>

94.     Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 93 of this Answer, as though the same were fully and completely set forth herein.

95.     Plaintiff was hired as an employee of BPS for the development of the MIS and the MIS was developed at BPS' directives under the terms of Plaintiff's employment by BPS.

96.     Thus, the MIS is a work made for hire prepared by an employee within the scope of his employment.

97.     As such, BPS is the sole, exclusive and rightful owner of the MIS and all rights ensuing therefrom including but not limited to all statutory and common law copyrights.

98.     By Plaintiff's own admission, Plaintiff registered his claim to copyright with the Register of Copyrights in Washington, D.C., effective on September 14, 2004

and Certificate of Copyright No. TX-6-0490-568 was issued to Plaintiff under seal of the Copyright Office by the Registrar of Copyrights.

99.     By Plaintiff's own admission, Plaintiff registered his claim to copyright a newer version of the software, known as Merchant Services Front and Back Office (V2004), with the Register of Copyrights, effective September 16, 2004 and Certificate of Copyright No. TX-6-035-101 was issued to Plaintiff under seal of the Copyright Office by the Register of Copyrights.

100.    Plaintiff's acts constitute infringements of Defendants' copyrights.

101.    By reason of the infringement and threatened infringement of the copyrights, Defendants have sustained, and will continue to sustain substantial injury, loss, and damage to their ownership rights in the copyrights of the MIS.

102.    Plaintiff has unlawfully and wrongfully derived and will continue to derive income and profits from these infringing acts.

103.    As a result of Plaintiff's actions, Defendants have been irreparably damaged, as described herein, unless Plaintiff is enjoined.

104.    By reason of the Defendants' breach of contract, the Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM

## BREACH OF CONTRACT

105.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 104 of this Answer, as though the same were fully and completely set forth herein.

106.    Defendants hired Plaintiff to provide services for BPS in good faith.

107.   Plaintiff accepted the salary paid by BPS for such services and enjoyed the benefits of the sums he received.

108.   There was an expectation that Plaintiff would perform his services in a workmanlike, professional and competent manner.

109.   Plaintiff, however, breached his agreement with BPS by exhibiting gross incompetence, by being a recalcitrant worker and by failing to build a working and useable MIS.

110.   At all times, the MIS Plaintiff designed was flawed and defective and caused BPS substantial damage during its use.

111.   In some instances, residuals were overpaid and in others, the system generated repeated gross reporting errors.

112.   The repeated gross reporting errors created by Plaintiff's flawed MIS injured BPS' reputation in the business community and resulted in lost business opportunities.

113.   Plaintiff also failed to show up for work, failed to follow the directives of BPS and its managers and supervisors and maintain a level of professionalism.

114.   Plaintiff also exhibited frequent insobriety and often arrived to work at BPS' offices in a drunken state with alcohol on his breath.

115.   As a result of Plaintiff's breaches, Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## AS AND FOR DEFENDANTS' THIRD COUNTERCLAIM

## UNJUST ENRICHMENT

116.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 115 of this Answer, as though the same were fully and completely set forth herein.

117.    Defendants hired Plaintiff to provide services in designing the MIS for BPS in good faith.

118.    Plaintiff accepted the salary paid by BPS for such services and enjoyed the benefits of the sums he received.

119.    There was an expectation that Plaintiff would perform his services in a workmanlike, professional and competent manner.

120.    Plaintiff, however, breached his agreement with BPS by exhibiting gross incompetence, by being a recalcitrant worker and by failing to build a working and useable MIS.

121.    At all times, the MIS Plaintiff designed was flawed and defective and caused BPS substantial damage during its use.

122.    In some instances, residuals were overpaid and in others, the system generated repeated gross reporting errors.

123.    The repeated gross reporting errors created by Plaintiff's flawed MIS injured BPS' reputation in the business community and resulted in lost business opportunities.

124.    Plaintiff also failed to show up for work, failed to follow the directives of BPS and its managers and supervisors and maintain a level of professionalism.

125.    Plaintiff also exhibited frequent insobriety and often arrived to work at BPS' offices in a drunken state with alcohol on his breath.

126.    Additionally upon information and belief, Plaintiff has sold the MIS to third parties without compensating Defendants for same.

127.    As a result of Plaintiff's actions and omissions, Plaintiff has been unjustly enriched and Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## AS AND FOR DEFENDANTS' FOURTH COUNTERCLAIM

## CONVERSION

128.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 127 of this Answer, as though the same were fully and completely set forth herein.

129.    By virtue of his employment at BPS, Plaintiff had unfettered access to the MIS in all of its forms.

130.    Plaintiff has engaged in conversion by misappropriating the MIS and its accompanying items (diskettes, compact disc, hardware, etc.) for his own use.

131.    Plaintiff has willfully and wantonly converted the MIS and the other property of the Plaintiff in an intentional and malicious attempt to deprive Defendants of the benefits of their ownership rights to the MIS.

132.    By his own admission, Plaintiff copyrighted the MIS and thus has deprived Defendants of the benefits of their ownership rights to the MIS.

133.    Upon information and belief, Plaintiff has sold the MIS to third parties without compensating Defendants for same.

134.   Defendants have demanded return of the MIS, but Plaintiff has refused to relinquish control of same.

135.   As a result of such actions, the Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## AS AND FOR DEFENDANTS' FIFTH COUNTERCLAIM

## TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

136.   Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 135 of this Answer, as though the same were fully and completely set forth herein.

137.   By virtue of his employment at BPS, Plaintiff had unfettered access to the MIS in all of its forms.

138.   Plaintiff has engaged in conversion by misappropriating the software and its accompanying items (diskettes, compact disc, hardware, etc.) for his own use.

139.   Plaintiff has willfully and wantonly converted the software and the other property of the Plaintiff in an intentional and malicious attempt to deprive Defendants of the benefits of their ownership rights to the MIS.

140.   By his own admission, Plaintiff copyrighted the MIS and thus has deprived Defendants of the benefits of their ownership rights to the MIS.

141.   As a result of Plaintiff's actions, Defendants have not and cannot sell their rights to the MIS to third parties and have been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## AS AND FOR DEFENDANTS' SIXTH COUNTERCLAIM

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

142.     Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 141 of this Answer, as though the same were fully and completely set forth herein.

143.     By virtue of his employment at BPS, Plaintiff had access to Defendants' trade secrets, client lists and other proprietary information (hereinafter "Trade Secrets") including but not limited to lists of third parties with whom Defendants had contractual business relationships.

144.     Upon information and belief, Plaintiff intentionally, wantonly and maliciously disseminated wrongful and defamatory statements to third parties with whom Defendants were engaged in contractual business relations.

145.     That by virtue of Plaintiffs actions, Defendants' contractual business relations with such third parties were damaged in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## AS AND FOR DEFENDANTS' SEVENTH COUNTERCLAIM

## BREACH OF FIDUCIARY DUTY

146.     Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 145 of this Answer, as though the same were fully and completely set forth herein.

147.     By virtue of his employment at BPS, Plaintiff had access to Defendants' Trade Secrets.

148.    Plaintiff owed a fiduciary duty to Defendants by virtue of his employment with Defendants.

149.    Upon information and belief, Plaintiff breached his fiduciary duty to Defendants by misappropriating Defendants' Trade Secrets and by selling and/or otherwise disseminating same to third parties, including but not limited to Defendants' competitors.

150.    As a result of Plaintiff's actions, Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

151.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of Plaintiff's acts.

## AS AND FOR DEFENDANTS' EIGHTH COUNTERCLAIM

## BREACH OF DUTY OF LOYALTY

152.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 151 of this Answer, as though the same were fully and completely set forth herein.

153.    By virtue of his employment at BPS, Plaintiff had access to Defendants' Trade Secrets.

154.    Plaintiff owed a duty of loyalty to Defendants by virtue of his employment with Defendants.

155.    Upon information and belief, Plaintiff breached his duty of loyalty to Defendants by misappropriating Defendants' Trade Secrets and by selling and/or

otherwise disseminating same to third parties, including but not limited to Defendants' competitors.

156.    As a result of Plaintiff's actions, Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

157.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Plaintiff's acts.

## AS AND FOR DEFENDANTS' NINTH COUNTERCLAIM

## DEFAMATION PER SE

158.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 157 of this Answer, as though the same were fully and completely set forth herein.

159.    By virtue of his employment at BPS, Plaintiff had access to Defendants' Trade Secrets, including but not limited to client lists and lists of third parties with whom Defendants had contractual business relationships.

160.    Upon information and belief, Plaintiff intentionally, wantonly and maliciously disseminated wrongful and defamatory statements to clients and third parties with whom Defendants were engaged in contractual business relations.

161.    That Plaintiffs actions, constitute defamation per se and have irreparably injured Defendants' good will and reputation in the business community resulting in damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

162.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Plaintiff's acts.

**AS AND FOR DEFENDANTS' TENTH COUNTERCLAIM**

**CIVIL CONSPIRACY TO COMMIT DEFAMATION**

163.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 162 of this Answer, as though the same were fully and completely set forth herein.

164.    By virtue of his employment at BPS, Plaintiff had access to Defendants' Trade Secrets, including but not limited to client lists and lists of third parties with whom Defendants had contractual business relationships.

165.    Upon information and belief, Plaintiff, in concert with third parties intentionally, wantonly and maliciously disseminated wrongful and defamatory statements to clients and third parties with whom Defendants were engaged in contractual business relations.

166.    That Plaintiffs actions, constitute a civil conspiracy to defame Defendants and have irreparably injured Defendants' good will and reputation in the business community resulting in damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

167.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Plaintiff's acts.

**AS AND FOR DEFENDANTS' ELEVENTH COUNTERCLAIM**

**MISAPPROPRIATION OF TRADE SECRETS**

168.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 167 of this Answer, as though the same were fully and completely set forth herein.

169.    By virtue of his employment at BPS, Plaintiff had unfettered access to Defendants' Trade Secrets.

170.    These Trade Secrets were devised to give Defendants an advantage over their competitors who do not know the information.

171.    Such information is not disclosed to anyone, except to Defendants' own agents and to Plaintiff, and was revealed, solely and exclusively, in such confidential capacity, so that the parties could comply with their agreement.

172.    Defendants and Plaintiff had an agreement that the Trade Secrets would remain confidential amongst the parties named herein.

173.    The trade secrets are, and remain, the sole and exclusive property of the Defendants.

174.    Plaintiff was and is aware that such information is confidential, proprietary and valuable, and is to be kept confidential.

175.    Despite such agreement, the Defendants have disclosed the trade secrets to third parties.

176.    Upon information and belief, Plaintiff has misappropriated the Trade Secrets in an effort to sell and license the MIS rightfully belonging to Defendants to third parties.

177.    Upon information and belief, Plaintiff has misappropriated the Trade Secrets by using same for his own benefit and profit.

178.    Plaintiff has misappropriated and utilized Defendants' Trade Secrets, have competed unfairly with Defendants, and will continue to do so unless permanently enjoined from doing so.

179.    As a result of such activities, the Plaintiff has been irreparably damaged, as described herein, and will continue to be harmed unless the Defendants are enjoined.

180.    As a result of Plaintiff's actions, Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

181.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Plaintiff's acts.

## AS AND FOR DEFENDANTS' TWELFTH COUNTERCLAIM

## UNFAIR COMPETITION

182.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 181 of this Answer, as though the same were fully and completely set forth herein.

183.    The object and purpose of the Plaintiff was to despoil the Defendants' business, goodwill, trade and patronage, to ruin the Defendants' business and to develop and promote competitive businesses to the detriment of the Plaintiff for his own profits.

184.    The acts of the Plaintiff constitute unfair competition with the Defendants in that the copyrighting, disclosure, marketing, sale, permission of inspection and examination, modification, licensing, and attempted licensing of Defendants' MIS and Trade Secrets by the Plaintiff is unauthorized, and constitutes an unlawful misappropriation of the Plaintiff's rights in same.

185.    Further, Plaintiff intentional acts to deceive by falsely representing the MIS and Trade Secrets to be the property of Plaintiff, constitutes unfair competition.

186.     As a result of Plaintiff's actions, Defendants has been irreparably damaged, as described herein, unless the Plaintiff is enjoined.

187.     As a result of Plaintiff's actions, Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

188.     Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Plaintiff's acts.

## AS AND FOR DEFENDANTS' THIRTEENTH COUNTERCLAIM

## TORTIOUS BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND

## FAIR DEALING

189.     Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 188 of this Answer, as though the same were fully and completely set forth herein.

190.     As a matter of law, Plaintiff owed an implied covenant of good faith and fair dealing to the Defendants.

191.     By taking the actions described above, Plaintiff breached such duty to the Defendants.

192.     Plaintiff has acted on behalf of his own financial interests with the intentional disregard for the financial interests of the Defendants.

193.     As a result Plaintiff's acts, the Defendants have been irreparably damaged, as described herein, will continue to be harmed unless the Plaintiff is enjoined.

194.    As a result of the breach of such covenant by Plaintiff, Defendants have suffered substantial economic damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

195.    Punitive damages should be added to any award of compensatory damages as a result of the willful and wanton nature of the aforementioned Plaintiff's acts.

## AS AND FOR AN FOURTEENTH CAUSE OF ACTION

## TORTIOUS BREACH OF CONTRACT

196.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 195 of this Answer, as though the same were fully and completely set forth herein.

197.    The behavior by the Plaintiff with regard to his performance of his agreement with Defendants was egregious, morally reprehensible and wantonly dishonest.

198.    As such, punitive damages should be added to any award of compensatory damages for such actions on the part of the Plaintiff.

## AS AND FOR THE FIFTEENTH CAUSE OF ACTION

## REQUEST FOR A DECLARATORY JUDGMENT

199.    Defendants repeat, reallege and hereby incorporate by reference the preceding allegations contained in Paragraphs 1 through 198 of this Answer, as though the same were fully and completely set forth herein.

200.    A dispute has arisen between the parties with respect to ownership of the MIS described herein.

201.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. section 2201, a declaratory judgment is necessary and appropriate to determine the rights of the parties.

202.     Defendants respectfully requests that the court enter an order declaring Defendant BPS to be the sole owner of the MIS described herein and all materials and equipment related thereto and prohibiting Plaintiff from exercising, or attempting to exercise, any ownership rights with respect to the MIS.

## RELIEF REQUESTED

WHEREFORE, Defendants prays that this Court dismiss any and all claims asserted against Defendants and adjudge and decree and enter judgment upon each counterclaim asserted against the Plaintiff and;

a.       Requiring Plaintiff to account to the Defendants for all money received, directly or indirectly, from any third party in connection with the sale and/or license of the MIS at issue;

b.       Entering an Order providing that Plaintiff shall be prohibited from: (i) using the MIS; (ii) reselling the Software; and/or (iii) disclosing any information whatsoever regarding the MIS to any third party;

c.       Entering an Order providing that Plaintiff shall be prohibited from: (i) using Defendants' Trade Secrets; (ii) reselling the Trade Secrets; and/or (iii) disclosing any information whatsoever regarding the Trade Secrets to any third party;

d.       Entering an Order that the Defendants, their respective agents, servants, employees, officers, attorneys, successors, and assigns, and all those persons in

active concert or participation with each or any of them, be enjoined, during the pendency of this action, and permanently, from:

> i.      Directly or indirectly infringing the copyrights of the Defendants in any manner; and,
>
> ii.      Reproducing and causing, contributing to, or participating in, the unauthorized reproduction and the distribution to the public by sale or other transfer of ownership, or by rental, lease, or lending, unauthorized reproductions of the Defendants' MIS;
>
> iii.      Reproducing and causing, contributing to, or participating in, the unauthorized reproduction and the distribution to the public by sale or other transfer of ownership, or by rental, lease, or lending, unauthorized reproductions of the Defendants' Trade Secrets;

d.      That Plaintiff be required to pay to Defendants those economic and compensatory damages the Defendants have sustained in consequence of the Plaintiff's acts as alleged above, and to account for all gains, profits, and advantages derived by the Defendants by his actions in an amount to be determined by proof at trial but in any event no less than Seventy-five Thousand Dollars ($75,000.00).

e.      That Plaintiff be required to pay to Defendants punitive and exemplary damages in an amount to be determined at trial but in any event no less than Seventy-five Thousand Dollars ($75,000.00) for Plaintiff's wanton, willful and malicious acts as alleged above.

f.      That Plaintiff be required to deliver up, to be impounded during the pendency of this action and to deliver up for destruction any and all infringing unauthorized reproductions of Defendants' MIS;

g.      That Plaintiff be required to deliver up, to be impounded during the pendency of this action and to deliver up for destruction any and all infringing unauthorized reproductions of Defendants' Trade Secrets;

h.      That the Defendants pay to Plaintiff the costs and disbursements of this action, together with reasonable attorneys fees;

i.      For prejudgment and post-judgment interest on those damages as allowed by law; and,

j.      For all other relief that may be just and equitable.

Dated: March 31, 2005
       New York, New York

                                    Daniel B. Faizakoff, P.C.

                                    By:_____
                                    Daniel B. Faizakoff (DF 7887)
                                    Attorneys for Defendants
                                    150 Broadway, 14th Floor
                                    New York, New York 10038
                                    Telephone: (212) 619-3100
                                    Facsimile: (212) 385-1916

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FRANK A. CRISTAUDO

                        Plaintiff,              VERIFICATION
                                            CASE NO. 2004 CV 08782 (PKC)


                -against-

BUSINESS PAYMENT SYSTEMS LLC et al.

                        Defendants.
---------------------------------------------------------x

State of New York: ss.
County of New York:


I, DANIEL B. FAIZAKOFF, an attorney admitted to practice in the Courts of the State of New York, state that I am the attorney of record for defendant Yitzchok Blau and Stephanie Lee in the within action; I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by Defendants is because the Defendants reside outside of the County of New York where I maintain my office.  The grounds of my belief as to all matters not stated to be upon my own knowledge is information contained in my file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated: March 31, 2004
      New York, New York


                                 /S/ DANIEL B. FAIZAKOFF
                                 Daniel B. Faizakoff (7887)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
FRANK A. CRISTAUDO

                Plaintiff,              DEMAND FOR TRIAL BY JURY

                                                   CASE NO. 2004 CV 08782 (PKC)

          -against-

BUSINESS PAYMENT SYSTEMS LLC et al.

                Defendants.
--------------------------------------------------------x


Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure, Rule 38(b) on all issues properly heard by a jury.

Dated:  March 31, 2005
       New York, New York


                              Daniel B. Faizakoff, P.C.

                              By:    /S/ DANIEL B. FAIZAKOFF_
                              Daniel B. Faizakoff (DF 7887)
                              Attorneys for Defendants
                              150 Broadway, 14th Floor
                              New York, New York 10038
                              Telephone: (212) 619-3100
                              Facsimile: (212) 385-1916

## CERTIFICATION OF SERVICE

I hereby certify that on this date I served the foregoing Verified Answer upon counsel for the Plaintiff, by mailing a copy of same, postage prepaid and properly addressed as follows:

Law Offices of Jerry S. Goldman Associates, P.C.
111 Broadway, 13th Floor
New York, New York 10006

Dated: March 31, 2005


/S/ DANIEL B. FAIZAKOFF _____
Daniel B. Faizakoff (7887)